```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ANTHONY JAMES,                           :
                     Petitioner,         :
                                         :    04 Civ. 3602 (DLC)
        -v-                              :
                                         :    MEMORANDUM OPINION
DAVID MILLER, Superintendent, Eastern    :    AND ORDER
New York Correctional Facility,          :
                                         :
                     Respondent.         :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

Anthony James seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his February 2002 conviction for robbery in the second degree following a jury trial. James asserts that the prosecutor engaged in misconduct by making misrepresentations in summation to undermine the credibility of James' alibi witness.

The case was referred to Magistrate Judge Debra Freeman for a Report and Recommendation ("Report"), which was issued February 8, 2006. The Report recommends that the petition be denied. James did not file an objection to the Report. This Opinion adopts the Report.

Background

The facts established at trial are set forth in the Report and summarized here. James's conviction arises from the robbery of co-worker William Brigett ("Brigett") in July 2001. James witnessed an exchange of cash between Brigett and another co-

worker earlier in the day, and at 4:30 p.m. James went to Brigett's second job.  He punched Brigett and removed $300 from Brigett's wallet, telling him not to say anything.  Brigett went to the police station immediately after the incident, filed a report, and eight days later identified James in a line-up.

The Trial

At trial on February 6, 2002, the defense called one witness, Keisha Bradley ("Bradley").  Bradley is the mother of James' four-year-old son.  Bradley testified that on the day of the robbery she had waited for James to pick up their child near a restaurant, that James had arrived between 3:30 and 4:00 p.m., and had returned home with the child at approximately 7:30 p.m.

During cross-examination, Bradley admitted that she had attended James' arraignment on August 21, 2001, had approached the prosecutor to discuss the case, but had not told the prosecutor that James had picked up their child between 3:30 and 4:00 p.m. the day of the robbery.  Bradley admitted she had remained silent about the alibi until the prosecutor contacted her two months later.  In rebuttal, the prosecutor offered James' grand jury testimony, in which he described picking his son up at day-care, and made no mention of meeting Bradley near a restaurant or seeing her at any time before 4:30 p.m.

In responding to defense counsel's discussion in summation of the alibi testimony, the prosecutor noted Bradley's failure to provide an alibi for two months.  The prosecutor also argued that Bradley lied about the sequence of events to protect James, and

that James lied in front of the Grand Jury. The prosecutor pointed out that Bradley's testimony didn't really amount to an alibi in any event since James could have committed the crime at 4:30 p.m. even if Bradley saw him between 3:30 and 4:00 p.m.

Post-Trial Proceedings

Following trial, James moved, pursuant to New York Criminal Procedure Law (N.Y.C.P.L.) § 440.10, to vacate his conviction due to the prosecutor's use of fraud and false statements during summation. James relied on a certified letter (which is not part of the trial record) purportedly sent to both the court and the prosecutor on August 26, 2001, to show that the prosecutor knew that there was not a two-month delay between Bradley's initial contact with the prosecutor and her disclosure of an alibi for James. The trial court denied the motion, and ordered that the appeal from the denial be consolidated with the direct appeal.

On appeal, James pointed to the prosecutor's misconduct in summation. The Appellate Division affirmed the conviction on December 18, 2003, holding that the summation had not deprived James of a fair trial. The Court of Appeals denied James' application for leave to appeal.

James filed for a writ of habeas corpus on April 5, 2004. It was referred to Magistrate Judge Freeman for a Report and Recommendation on May 27, 2004.

Discussion

The reviewing court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district could need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). As described in the Report, the petitioner has not shown that the decision of the Appellate Division rejecting James' claim was either contrary to or an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d).

Conclusion

The recommendation of Magistrate Judge Debra Freeman is adopted and the petition for a writ of habeas corpus is denied. In addition, I decline to issue a certificate of appealability. The petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998). I also find pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). Moreover, James made no objections to the Report, and as the Report advised him, he has waived his right to appeal. DeLeon v.

Strack, 234 F.3d 84, 86 (2d Cir. 2000). The Clerk of Court shall dismiss this petition.

SO ORDERED:

Dated:  New York, New York
        June 21, 2006

                                                  DENISE COTE
                                    United States District Judge